## KANSAS CITY, Appellant, v. GEORGE OPPEN-HEIMER, Respondent.

### Kansas City Court of Appeals, May 25, 1903.

**Kansas City Charter:** OCCUPATION TAX: INSURANCE AGENTS: STATUTE: ORDINANCE. Under its charter Kansas City has authority to tax the agents of insurance companies, but such power is restricted by the statute regulating the taxation of such companies so that said city can only tax the agencies of the companies and not also the agent, and an ordinance imposing an occupation tax upon agents is invalid.

Appeal from Jackson Criminal Court.—*Hon. J. W. Wofford,* Judge.

AFFIRMED.

*J. L. Morgan* for appellant.

(1) Kansas City has no power under its charter to impose a separate license tax upon insurance companies and insurance agents. Art. 3, Subd. 10, City Charter; St. Joseph v. Ernst, 95 Mo. 360; St. Louis v. McCann, 157 Mo. 301. (2) The personality of the insurance agent must be distinguished from that of the insurance company. Farmington v. Rutherford, 94 Mo. App. 328; St. Joseph v. Ernst, 95 Mo. 360. (3) Section 8048, R. S. 1899, does not in any way affect the taxing of the occupation of insurance agent. Lamar v. Adams, 90 Mo. App. 35; Springfield v. Hubbel, 89 Mo. App. 379.

*W. C. Culbertson* for respondent.

(1)   The court did not err in acquitting the defendant. The ordinance in controversy, or so much thereof as imposes the $25 license on "insurance agent, solicitor, sub-agent or broker," is void as being in conflict, and inconsistent, with section 8048 of the Revised Statutes of Missouri. Said ordinance imposed the maximum license allowed under the general law, to-wit, $100 without the additional $25 for insurance agent, sub-agent, solicitor or broker. Constitution State of Missouri, art. 9, sec. 16; City Charter, art. 3, sec. 1 (page 20), Tenth, (page 28), Thirty-first (page 29); St. Louis v. Ins. Co., 47 Mo. 146; Riddick v. Amelin, et al., 1 Mo. 5; Petersburg v. Grigsby Metzker, 20 Ill. 205; Darling v. St. Paul, 19 Minn. 389; Kniper v. Louisville, 7 Bush. (Ky.) 599; Mason v. Trustees of Lancaster, 4 Bush. (Ky.) 406; Blessing v. Galveston, 41 Texas 641, loc. cit. 653; third, also, loc. cit. 659; Am. and Eng. Ency. Law, Vol. 21, page 807. (2)   The issue in this case is not whether Kansas City has power to license insurance companies and insurance agents, or whether the personality of the agent is different from that of the company, or whether Kansas City has power to impose an occupation tax on insurance agents, as contended for by appellant.

SMITH, P. J.—The plaintiff is a city having a population of more than one hundred thousand inhabitants. It has a special charter which was framed and adopted in conformity to the requirements of section 16, article 9, of the constitution of the State. By that section such charter was required to "always be in harmony with and subject to the constitution and laws of the State."

By subdivision ten of section one, article nine, of said charter, the mayor and common council were given the power by ordinance, "to license, tax and regulate insurance companies and insurance agents." The plaintiff passed an ordinance (No. 20298) which provided: "Every person, firm or corporation hereinafter de-

scribed in this section shall procure from the city a license, and every person, firm or corporation engaged in any occupation, shall procure a license from the city." The fee required by the section was as follows, to-wit: "Insurance company, $100 per year; insurance agent, solicitor, sub-agent or broker, $25 per year."

Section 8043, Revised Statutes requires every insurance company *not organized under* the laws of this State shall annually pay a tax upon all premiums received on account of business done in this State at the rate of two per cent per annum in lieu of all other taxes, except as provided in article eight. Section 8044 requires such companies shall, on or before a certain time in each year, make return to the superintendent of the insurance department, and that upon the receipt of such returns that officer shall assess the said two per cent tax against them, which they are required to pay into the State treasury, where one-half of the amount thereof shall go into the general revenue fund of the State and the remaining half shall be placed to the credit of the county foreign insurance fund. Section 8046 requires the State auditor to apportion to the counties on the basis of the number of children in each town, as shown by the last enumeration certified to the superintendent of public schools, on which the school moneys are apportioned and distributed, all the moneys to the credit of the county foreign insurance tax fund. Section 8047 provides that when the said fund is received by the county treasurer how the county courts shall distribute the same amongst the incorporated cities and towns in the county. Section 8048 provides: "The agent or agents of any such insurance company doing business in any city in this State having a population of more than one hundred thousand inhabitants, in addition to the tax on premiums as above provided for against such companies, shall also pay to the collector of the said city, *if said city shall so declare by ordinance, on or before*

*the first day of February of each and every year,* not more than the sum of one hundred dollars for the use of said city, which sum shall be considered in full for and in lieu of all taxes and licenses which said city may possess the power to impose on such agencies; and such collector shall, upon such payment being made, issue to such agent or agents, a license in the name of such city, to do the business of such agency for one year, which license shall be renewed from year to year, if demanded.''

The foreign insurance company for which the defendant was the agent in said plaintiff city had a license for which it had paid plaintiff $100. The defendant refused to take out a license as agent for the term covered by the license of his company, and he was accordingly prosecuted for a violation of said ordinance No. 20298, already referred to, but was acquitted in the criminal court, from where the plaintiff city brought the cause here by appeal. The question raised by the appeal is whether or not the said ordinance No. 20298 is in substantial harmony with section 8048 of the statute; or, expressed in another way, whether the former contravenes the latter.

It is a well established principle of the common law that the ordinances of a municipal corporation, to be of any validity, must be consistent with its charter and the general statutes of the State creating it, and not repugnant to the legislative policy of that State. Kansas City v. Hallett, 59 Mo. App. 160, and authorities there cited. And it is also a rule that where it can be seen that the exercise of any jurisdiction by the corporation can clearly be brought within the scope of the grant, without a violation of the constitution, or a conflict with the laws of the State, then there can be no objection to its exercise. Kansas City v. Neal, 49 Mo. App. 72; St. Louis v. Bentz, 11 Mo. 61; St. Louis v. Schoenbusch, 95 Mo. 618.

It is clear that if the statute be left out of consid-

eration the passage of the ordinance was the exercise of a power within the charter grant. The latter confers the power to license, without more. The former section 8084 comes in and prescribes the terms. The charter provision and the statute are in effect two statutes which are *in pari materia* and must be construed together. When so construed it will be seen that the power given by the charter to license is qualified or restricted by the statute. The city in exercising the power to license can go no further than to declare by ordinance that any foreign insurance company doing business within its territorial limits, in addition to the tax on premiums, as provided in sections 8043-8044-8045 and 8046, shall also pay to its collector on the first day of February of each and every year the sum of one hundred dollars for its use, and that such sum shall be considered in full for and in lieu of *all taxes and licenses which it has the power to impose on such agencies.*

While the language employed in said section 8048 is not as clear and explicit as it might be, still, we think that it sufficiently appears therefrom that the purpose the legislature had in view in its enactment was to require foreign insurance companies to pay an annual license tax of not exceeding one hundred dollars, which should be in full for and in lieu of all taxes and licenses the city is authorized to impose on such companies or their agents for any one year. The power of the city to tax such companies or their agents is exhausted when it passes the declaratory ordinance required by the statute. It has no power by ordinance to require the payment by such companies or their agents of any other or different tax or fee. It follows that the passage of an ordinance like that in issue requiring such companies to pay an annual license tax of one hundred dollars and also its agents to pay a further license of twenty-five dollars, each, is manifestly the exercise of a power greatly in excess of that permitted to it by the statute. How can it be said that such an ordinance is in harmony with the

statute or not repugnant to the legislative policy of the State?` The ordinance so far contravenes the restriction imposed by the statute on the power of the city, under its charter, to tax and license foreign insurance companies and insurance agencies that we must hold it invalid.

It results that we must approve the action of the criminal court, and affirm its judgment.   All concur.