[L. A. No. 3266. In Bank.—December 11, 1914.]

F. S. HUGHES, Appellant, v. CITY OF LOS ANGELES (a Municipal Corporation), et al., Respondents.

TAXATION—INSURANCE AGENTS—OCCUPATION TAX—UNCONSTITUTIONAL MUNICIPAL ORDINANCE.—As a corporation can act only through agents, a revenue tax, imposed by a municipal ordinance, upon agents of insurance companies for the right to do business, is a tax upon the corporation's right to do business; and such an ordinance imposing a license-tax upon every person, firm, or corporation conducting, managing, or carrying on the business of a general or local insurance agent within the municipality, is in violation of section 14 of article XIII of the state constitution requiring every insurance company within the state to pay an annual tax of one and one-half per cent upon the amount of gross premiums received by it upon its business done in the state, and declaring that such tax shall be in lieu of all other taxes or licenses, except county and municipal taxes on real estate, and except as otherwise provided in this section.

APPEAL from a judgment of the Superior Court of Los Angeles County.    N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Haas & Dunnigan, for Appellant.

John W. Shenk, City Attorney, and E. R. Young, Assistant City Attorney, for Respondents.

HENSHAW, J.—By the constitution of this state (art. XIII, sec. 14, subd. b) every insurance company within the state is required to pay an annual tax of one and one-half per cent upon the amount of the gross premiums received by it upon its business done in the state and the constitution declares "this tax shall be in lieu of all other taxes or licenses, state, county and municipal upon the property of such companies, except county and municipal taxes on real estate, and except as otherwise in this section provided."

A revenue ordinance of Los Angeles in sections 82 and 83 declares as follows:

"Section 82. For every person, firm or corporation conducting, managing, or carrying on the business of local fire insurance agent, solicitor or broker, whether the insurer be a

corporation, mutual company, or individual, $10 per quarter for each such insurer represented by such agent, solicitor or broker.

"Sec. 83. For every person, firm or corporation conducting, managing or carrying on the business of a general or local insurance agent, whether for life, accident, plate glass, bicycle, liability, fidelity, automobile, or other insurance except fire insurance, whether the insurer be a corporation, mutual company, or individual, ten dollars per quarter; provided, that one license issued under the provisions of this section shall entitle the licensee to conduct any or all or any part of the businesses in this section enumerated."

Under the authority of *Los Angeles Trust Co.* v. *City of Los Angeles,* (L. A. No. 3271), *ante,* p. 762, [145 Pac. 94], this day decided, no doubt can be entertained but that if this privilege ·tax were imposed upon the insurance companies themselves it would be invalid. The distinction sought to be drawn in this case is that this particular license fee is not imposed upon the companies but upon the agents of the companies. This is true, but upon the other hand it is equally true that every insurance corporation must act through agents and can act only through agents, and that, therefore, in a direct and immediate sense a tax upon such agents for the right to do business is a tax upon the corporation's right to do business. The agents of corporations are the means whereby the corporations live and in opposition to a tax upon their agents the corporations may well be heard to voice Shylock's expostulation:

> "You take my house when you do take the prop
> That doth sustain my house; you take my life
> When you do take the means whereby I live."

But in exposition of the fact that this principle does not rest upon the authority of Shakespeare alone a reference may be made to *McCall* v. *People ·of California,* 136 U. S. 109, [34 L. Ed. 391, 10 Sup. Ct. Rep. 881] ; *Crutcher* v. *Kentucky,* 141 U. S. 47, [35 L. Ed. 649, 11 Sup. Ct. Rep. 851] ; *Leloup* v. *Port of Mobile,* 127 U. S. 640, [32 L. Ed. 311, 8 Sup. Ct. Rep. 1383] ; *Robbins* v. *Shelby County Taxing District,* 120 U. S. 489, [30 L. Ed. 694, 7 Sup. Ct. Rep. 592] ; *Brennan* v. *Titusville,* 153 U. S. 289, [38 L. Ed. 719, 14 Sup. Ct. Rep. 829] ; *Brown* v. *Maryland,* 25 U. S. (12 Wheat.) 444, [6 L. Ed. 678] ; *State* v. *Scott,* 98 Tenn. 254, [36 L. R.· A. 461, 39

S. W. 1] ; *Kansas City* v. *Oppenheimer,* 100 Mo. App. 527, [75 S. W. 174].

It follows therefore that the imposition of this occupation tax upon the agents of insurance corporations does violation to article XIII, section 14 of the constitution of this state, and may not be enforced.

The judgment is reversed and the cause remanded.

Melvin, J., Lorigan, J., Sloss, J., Shaw, J., and Angellotti, J., concurred.