[L. A. No. 3264.   In Bank.—December 11, 1914.]

SOUTHERN TRUST COMPANY (a Corporation), Appellant, v. CITY OF LOS ANGELES, (a Municipal Corporation), et al., Respondents.

[L. A. No. 3265.   In Bank.—December 11, 1914.]

SECURITY SAVINGS BANK (a Corporation), Appellant, v. CITY OF LOS ANGELES, (a Municipal Corporation), et al., Respondents.

[L. A. No. 3267.   In Bank.—December 11, 1914.]

GERMANIA AMERICAN SAVINGS BANK (a Corporation), Appellant, v. CITY OF LOS ANGELES, (a Municipal Corporation), et al., Respondents.

[L. A. No. 3271.   In Bank.—December 11, 1914.]

LOS ANGELES TRUST & SAVINGS BANK (a Corporation), Appellant, v. CITY OF LOS ANGELES (a Municipal Corporation), et al., Respondents.

TAXATION—BANKS—CONSTITUTIONAL LAW—MUNICIPAL OCCUPATION TAX IS INVALID.—Section 14 of article XIII of the state constitution, providing for the taxation of the capital stock of all banks doing business within the state, and declaring that the tax so prescribed "shall be in lieu of all other taxes and licenses, state, county and municipal, upon such shares of stock and upon the property of such banks, except county and municipal taxes on real estate and except as otherwise in this section provided," renders invalid an excise or occupation tax attempted to be imposed by a municipal ordinance upon the right of such banking institutions to conduct their business. (*San Francisco* v. *Pacific T. & T. Co.*, 166 Cal. 244; *Hartford Insurance Co.* v. *Roberts, ante*, p. 270; *Pacific Gas & Electric Co.* v. *Roberts, ante*, p. 420, approved.)

APPEALS from judgments of the Suprior Court of Los Angeles County.   N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Haas & Dunnigan, Shankland & Chandler, and Gibson, Dunn & Crutcher, for Appellants.

John W. Shenk, City Attorney, Albert Lee Stephens, City Attorney, and Myron Westover, Deputy City Attorney, for Respondents.

HENSHAW, J.—The appeals in the above entitled cases involve the same question,—namely, the validity of the municipal ordinance of the city of Los Angeles imposing an excise or occupation tax upon the right of these banking corporations to conduct their business, which excise or occupation tax is fixed as follows:

"Sec. 20.   For every person, firm or corporation carrying on the business of banking, a monthly license of one and one-half cents for each one thousand dollars of the total amount of loans and discounts of such person, firm or corporation."

The constitution of this state (art. XIII, sec. 14) provides for the taxation of the capital stock of all banks doing business within the state and declares that the tax thus prescribed "shall be in lieu of all other taxes and licenses, state, county and municipal, upon such shares of stock and upon the property of such banks, except county and municipal taxes on real estate and except as otherwise in this section provided." It should be said that these cases were decided by the trial courts in advance of the decisions of this court in the cases hereinafter named.   Respondents upon these appeals seek to draw the distinction that the occupation tax of the city of Los Angeles imposed upon banking institutions is not a tax or license upon their shares of stock or upon their property.   This argument, and, indeed, all of respondents' contentions as to the validity of the tax are disposed of against their position by the cases of *City and County of San Francisco* v. *Pacific T. & T. Co.,* 166 Cal. 244, [135 Pac. 971]; *Hartford Insurance Company* v. *Roberts et al., ante,* p. 270, [142 Pac. 839], and *Pacific Gas & Electric Co.* v. *Roberts, ante,* p. 420, [143 Pac. 700].   A reference to these decisions relieves from the necessity of any discussion of the matter.   For the reasons therein given this tax is invalid and the judgments are reversed and the causes remanded.

Melvin, J., Lorigan, J., Sloss, J., Shaw, J., and Angellotti, J., concurred.

Rehearings denied.