[Civ. No. 16774.  Second Dist., Div. Three.  July 18, 1949.]

RALPH H. GROVES, Appellant, v. CITY OF LOS ANGELES, Respondent.

G. Revelle Harrison and Thomas B. Sawyer for Appellant.

Ray L. Chesebro, City Attorney, Bourke Jones, Assistant City Attorney, and Lester L. Lev, Deputy City Attorney, for Respondent.

WOOD, J.—Demurrer of defendant city of Los Angeles to the complaint was sustained without leave to amend. Plaintiff appeals from the judgment thereupon entered in favor of said defendant.

Plaintiff sought to enjoin said defendant, and the police chief and city clerk of said city, from enforcing against plaintiff two ordinances of the city of Los Angeles, upon the ground that the ordinances are in violation of article XIII, section 14-4/5 of the Constitution of California. Those ordinances require, among other things, the payment of a license tax for engaging in the business of soliciting and effecting undertakings of bail. One of the ordinances is No. 77,000, and the other one, an amendment thereto, is No. 92,414.

Plaintiff alleged in his complaint that he is and was engaged in the business of soliciting, negotiating and effecting undertakings of bail, both within and without the city of Los Angeles, and while engaged in said business he was and is an agent of a certain insurance company, a California corporation; he is and was a holder of a bail agent's license issued by the Insurance Commissioner; the insurance company is and was the holder of a certificate issued by the Insurance Commissioner authorizing it to conduct an insurance business in California, including the business of executing undertakings of bail by and through persons holding bail licenses issued by the Insurance Commissioner; said insurance company has paid all taxes due the State of California under article XIII, section 14-4/5 of the Constitution; the defendants are threatening to and will cause such ordinances to be enforced against the plaintiff, unless enjoined by order of court; by said ordinances it is made unlawful to engage in any business specified in said ordinance without first having procured a license from said city so to do. The complaint also contained necessary and formal allegations regarding the adoption, existence, provisions and asserted unconstitutionality of the ordinances, and regarding no adequate or speedy remedy at law. It was also alleged therein that the attempted enforcement of the ordinances would result in arrests and charges against plaintiff and his employees, in a multiplicity of suits, and serious

interference with his business. A copy of ordinance No. 92,414 is attached to the complaint. That ordinance provides as follows: "Every person engaged in the business of soliciting, negotiating, effecting, issuing, delivering, or furnishing bail bonds or of the posting of undertakings of bail for the release of persons charged with public offenses shall pay for each calendar year, or fractional part thereof, a license tax in the sum of $50.00 for the first $5,000 or less of gross receipts, and in addition thereto, the sum of $5.00 per year for each additional $1,000 of gross receipts, or fractional part thereof, in excess of $5,000. The term 'gross receipts' as used herein shall not include any insurance premiums received on behalf of any insurance company qualified to do business in the State of California, nor any commissions paid out of such premiums."

Appellant (plaintiff) asserts that ordinance No. 92,-414 imposes a license tax upon him as an agent of an insurance company and that such a tax is prohibited by section 14-4/5 of article XIII of the Constitution of California. That section provides: (1) that " 'Insurer,' as used in this section, includes insurance companies . . .' "; (2) that "An annual tax is hereby imposed on each insurer doing business in this State . . . on the bases, at the rates . . . hereinafter specified"; (3) that "the 'basis of the annual tax' is, in respect to each year, the amount of gross premiums, less return premiums, received in such year by such insurer upon its business done in this State . . ."; and (4) that "The tax imposed on insurers by this section is in lieu of all other taxes and licenses, State, county, and municipal, upon such insurers and their property, except: (1) Taxes upon their real estate. . . ." A revenue ordinance purporting to impose a tax upon insurance companies is invalid. (See *Southern Trust Co.* v. *Los Angeles*, 168 Cal. 762 [145 P. 94].) Also, a revenue ordinance which imposes a tax upon an agent of an insurance company is invalid. (*Hughes* v. *Los Angeles*, 168 Cal. 764, 765 [145 P. 94].)

As above stated, appellant asserts that he is an agent of an insurance company. Section 1800 of the Insurance Code provides: "An insurer shall not execute an undertaking of bail except by and through a person holding a bail license . . . A person shall not in this State solicit or negotiate in respect to execution or delivery of an undertaking of bail or bail bond by an insurer, or execute or deliver such an under-

taking of bail or bail bond unless licensed . . ." Section 1802 of the Insurance Code provides: "A bail agent's license by its terms permits the licensee to solicit, negotiate, and effect undertakings of bail on behalf of the insurer therein designated while there is in effect an unrevoked document filed pursuant to subdivision (b). Such license shall not be issued unless and until there is filed with the commissioner: (a) A document executed by the insurer, stating that upon the issue of the license the licensee therein named is authorized to execute undertakings of bail in the county therein designated, and to solicit, and negotiate such undertakings on its behalf, until it files with the commissioner a notice of revocation of the agent's authority. (b) A bond having an admitted surety insurer as surety thereon in the penal sum of $1,000, conditioned upon the proper application and disposal of all moneys collected or received by the bail agent, his solicitors licensed pursuant to his appointment, and his employees, in favor of the people of the State of California."

Respondent asserts that appellant's business upon which the tax is laid is an independent enterprise and not that of an agent of an insurance company. It argues that since appellant is a licensed bail agent and since the insurance company's undertakings are executed by such bail agents, the conclusion must be that appellant is an independent statutory agent authorized by law to so act rather than an agent under the direction and control of the insurance company; that the execution of an undertaking of bail by a licensed bail agent for an insurer is not the act of the insurer by means of its agent but is the act of an independent contractor rendering a service to the insurer, which service the insurer is prohibited by law from performing; that since the insurance company is not a principal it cannot have an agent, and therefore it follows of necessity that the act of a licensed bail agent in executing a bail undertaking for an insurance company "cannot be simply that of an agent," but such act "involves something entirely independent and personal to himself as principal." The Insurance Code provisions, above mentioned, state that an insurance company shall not execute an undertaking of bail except through a person holding a bail license, and those provisions refer to such a person as a bail agent permitted or authorized to act on behalf of the insurance company. The complaint alleges that plaintiff is an agent of the insurance company. Respondent points out that by special provisions in ordinance No. 92,414, the tax does not apply

to insurance premiums received on behalf of an insurance company, nor to commissions paid out on such premiums. It argues that by reason of such exception in the ordinance the business of an insurance company is in no way affected by the ordinance; that the tax is required only by reason of the independent activities of the bail agent which result in compensation to him over and above any commissions from insurance premiums. ▮ Respondent asserts that judicial notice may be taken of the fact that in the bail bond business the bail agent is at liberty to charge any premium he sees fit for the bond and retain for himself the amount he receives over and above the amount fixed as the premium by the insurance company. Judicial notice cannot be taken of such fact, if that be a fact. It appears from the memorandum of decision of the trial judge that he considered that plaintiff was a bail bond broker, and that there were receipts "after the exclusion of insurance premiums or the broker's commissions thereon." He stated therein: "This suit questions the validity of a tax on that portion of a bail bond broker's 'gross receipts' after the exclusion of insurance premiums or the broker's commissions thereon. As such the tax . . . does not purport to tax employees but only the non-insurance portion of the business they create for the broker." That memorandum indicates that the trial judge assumed that there was a "non-insurance portion of the business." ▮ The judgment from which the appeal has been taken is based, as above stated, upon a ruling sustaining a demurrer to the complaint. The complaint shows that plaintiff was an agent of an insurance company, and it does not show that he was engaged in the business of soliciting, negotiating or effecting undertakings of bail other than as agent of an insurance company, and it does not show that there was a "non-insurance portion" of his business.

The judgment is reversed.

Shinn, P. J., and Vallée, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied September 15, 1949. Shenk, J., and Traynor, J., voted for a hearing.