[Civ. No. 36390. Second Dist., Div. Four. Feb. 17, 1971.]

FIRST AMERICAN TITLE INSURANCE AND TRUST COMPANY,
Plaintiff and Respondent, v.
FRANCHISE TAX BOARD, Defendant and Appellant.

## Counsel

Thomas C. Lynch and Evelle J. Younger, Attorneys General, Ernest P. Goodman, Assistant Attorney General, Philip C. Griffin and Neal J. Gobar, Deputy Attorneys General, for Defendant and Appellant.

Wenke, Kemble & Burge and Robert R. Burge for Plaintiff and Respondent.

## Opinion

**IRWIN, J.** *—This is an action for refund of taxes paid under the Bank and Corporation Tax Law of the State of California. Upon agreed facts, judgment allowing recovery was entered in favor of First American Title Insurance and Trust Company ("First American"), and defendant Franchise Tax Board (the "Board") appeals.

The relevant facts for this appeal are: Respondent, First American, is an "insurer" within the meaning of that term in section 14⅘ of article XIII

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

of the California Constitution, and during the fiscal periods involved transacted title insurance and had a "trust department" and conducted a "trust business" within the meaning of those terms in said section 14⅘ of article XIII. On and prior to December 31, 1964, First American owned four subsidiary corporations which engaged in escrow and abstract issuing activities. On December 31, 1964, these subsidiaries were liquidated and their business assets were transferred to First American, which continued operation of all the business and operating assets of each subsidiary. None of the subsidiary corporations had a trust department or conducted trust business. Hence, the acquisitions were unrelated to respondent's trust operation.

The disputed franchise tax was assessed by the Board on the theory that California Revenue and Taxation Code section 23253 applied to First American with respect to the liquidation of the subsidiary corporations and, accordingly, that the measure of respondent's franchise tax obligation for the income year ending December 31, 1964, should have included the net income during 1964 of the four subsidiary corporations.

With the exception of financial corporations, the franchise tax law (Rev. & Tax. Code, § 23151) provides for taxation of corporations *not expressly exempted from taxation by the California Constitution,* and the amount of tax payable is computed on the basis of its net income for the next preceding year. When a corporation, subject to the tax, dissolves, it pays no franchise tax based on its last year's operation, since the tax for that year will have already been paid, based on the income of the next preceding year's operation (Rev. & Tax. Code, §§ 23331-23334). However, where there is a reorganization, any such tax loss is overcome by section 23253, when applicable, because the transferee corporation is required thereby to compute its franchise tax for the year following the date of transfer on the basis of the net income of the acquired corporation for the prior year.

Appellant Board contends that respondent, First American, was required to include with the measure of its franchise tax for the taxable year 1965 the net income for 1964 for each of the four subsidiary corporations. The Board argues that First American is a "party to the reorganization" within the meaning of that language in section 23253 and is therefore subject to the tax. We disagree.

Section 23253[1] in pertinent part reads as follows: "Where, pursuant to a reorganization, all or a substantial portion of the business or property of a taxpayer, a party to the reorganization, is transferred to another taxpayer, *a party to the reorganization:*

---

[1]The quotation is from the section as it was amended effective June 12, 1965. The amendment deleted the word *"income"* and substituted the word *"gain".*

"(a) The net *gain* of the transferor from the business or property so transferred to any taxpayer for the taxable year in which the transfer occurs, shall be included in the *measure of the tax on the transferee* . . .

"(c) For the purposes of this section 'party to the reorganization' includes any taxpayer subject to the tax imposed under this part who acquires and continues to operate all or a substantial part of the operating assets of the original transferor, . . ." (Italics added.)

Section 14⅘ of article XIII of the California Constitution imposes upon "insurers" a special annual tax in the nature of a gross premiums tax. For title insurance company "insurers," like First American, the gross premiums tax is measured on receipts of the corporation *with the exception of trust business income.* The pertinent portions of subsection (f) are: "(f) The tax imposed on insurers by this section is *in lieu of all other taxes* and licenses, state, county, and municipal, upon such insurers and their property, except: . . . .

"(2) That an insurer transacting title insurance in this state which has a trust department or does a trust business under the banking laws of this state is subject to taxation with respect to such trust department or trust business to the same extent and in the same manner as trust companies and the trust departments of banks doing business in this state." (Italics added.)

This section of the Constitution is unambiguous and clearly creates a tax exemption applicable to First American as an "insurer" not subject to any other tax or license whatsoever. In *Hartford Fire Ins. Co.* v. *Jordan* (1914) 168 Cal. 270 [142 P. 839], the California Supreme Court held that an insurance company was exempt from a state license tax found to be in the nature of a franchise tax. The argument was made in that case that such a license tax was not included within the phrase precluding all other taxes, but the court held that "all other taxes" was all-inclusive. *Southern Trust Co.* v. *Los Angeles* (1914) 168 Cal. 762 [145 P. 94], holds that substantially similar constitutional language there involved prohibits a city license tax on a bank, and *Hughes* v. *Los Angeles* (1914) 168 Cal. 764 [145 P. 94], adds the point that the immunity of insurance companies cannot be overcome by a tax upon agents rather than directly upon the insurer. (See also *Pacific Gas & Electric Co.* v. *Roberts* (1914) 168 Cal. 420 [143 P. 700]; *Groves* v. *City of Los Angeles* (1949) 93 Cal.App.2d 17 [208 P.2d 254].)

In the case at bench First American, as an "insurer" is exempt from *"all other taxes"* except trust business income. None of the 1964 income of the

four transferred corporations was related to the trust business or the trust department of First American. Thus, respondent was not required to calculate its 1965 corporate franchise tax by including the 1964 income of the transferred corporations.

Administrative rulings of the Board also are consistent with the views we express. (Franchise Tax Board Legal Ruling No. 307; Franchise Tax Board Legal Ruling No. 20.) Legal Ruling No. 307 was based upon facts similar to the case at bench involving a title insurance and trust company that conducted a trust business and an escrow services business. The specific question was whether the escrow business income was subject to franchise tax. Therein the Board held: "In view of the facts that the escrow business income of title insurance companies is includible in the base subject of the tax imposed under Article XIII, Section 14⅘ and the tax thereunder is in lieu of all other state taxes, it is our opinion that such income is not subject to the franchise tax."

Legal Ruling No. 20 is as follows: "Taxpayer previously subject to the franchise tax, qualified and commenced operations as an insurance company under the laws of the State on April 1, 1947. When its 1946 franchise tax return was filed taxpayer paid only one-fourth of the tax measured by the income reported on the return. Advice is requested as to whether taxpayer is entitled to prorate the franchise tax upon qualifying as an insurance company.

"It is established that the gross premiums tax is, as to insurance companies, a tax on the right to do business and that the franchise tax is within the in lieu provisions of Article XIII, Section 14⅘, California Constitution (which provides for the tax on insurers). It is clear, therefore, that the franchise tax cannot be imposed on a corporation which is subject to the gross premiums tax, except to the extent that it may be engaged in trust business or related activities. There are no provisions in the law for tax adjustments in the case of a corporation changing its status during a taxable year from an ordinary business corporation to an insurance company. But since the liability for the franchise tax must cease upon such a change of status, a proration of the tax is in order and taxpayer is entitled to an abatement of the tax."

Both appellant and respondent have argued at length that their respective positions comport with the legislative history and purpose of the tax system under consideration. We are of the view that references to the history and purpose of the respective provisions of the statute and Constitution are of no helpful significance. The constitutional exemption is clear and unequivocal and, as such, needs no outside aid to test its meaning, which is that the tax there prescribed is: "in lieu of all other taxes." We are mind-

ful of the consequential loss of revenue from franchise tax sources, but this loss, even though serious, is but a result of the system put in operation by the Constitution, which we and the Legislature are powerless to change.

The judgment is affirmed.

Kingsley, Acting P. J., and Dunn, J., concurred.